In re Michael R. WISE and Shelley F. Wise, Debtors.

Cynthia SKEEN, Trustee, Plaintiff,

v.

Robert WISE and Mary Wise, Defendants.

Bankruptcy No. 92–25319 SBB.
Adv. No. 94–1678 RJB.

United States Bankruptcy Court,
D. Colorado.

Sept. 21, 1995.

Christopher E. Bench, Bench Pottinger & Van Nest LLC, Denver, CO, for plaintiff.

Allen Rozansky, Gelt, Fleishman & Sterling P.C., Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Defendants' Motion to Quash Service and to Dismiss Complaint filed July 24, 1995.

The following facts are not in dispute:

12/11/92—Bankruptcy petition filed.

3/17/93—Amended Schedules filed and copy sent to Plaintiff/Trustee.

11/30/94—Within Complaint filed.

12/12/94—Last date to file avoidance action under 11 U.S.C. § 546(a).

12/8/94—Service of Summons & Complaint by mail to Littleton, Colorado, address.

1/18/95—Motion for Default Judgment filed.

1/20/95—Default Judgment entered.

Early 6/95—Plaintiff discovers Defendants not in Littleton, Colorado.

6/19/95—Plaintiff's counsel reviews court files and finds Kansas address in Amended Schedules.

6/20/95—Plaintiff's Motion for Issuance of Alias Summons and to Set Aside Default Judgment filed.

6/22/95—Order granting Plaintiff's Motion entered and Alias Summons issued.

6/30/94—Alias Summons & Complaint received by Defendants by mail in Kansas.

Further, there is no dispute that the Defendants never resided in Littleton, Colorado, and indeed have resided at their present address in Kansas for the past thirty years.

Fed.R.Civ.P., Rule 4(m) is applicable to this case by reason of Fed.R.Bank.P., Rule 7004. That rule requires that the case shall be dismissed without prejudice if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, unless the plaintiff can show good cause why such service was not made within that period. If good cause can be shown, the time for service can be extended.

As the court stated in *In re Furimsky*, 40 B.R. 350, 354 (Bankr.D.Ariz.1984):

Both counsel have been diligent in citing cases supporting their positions.... Clearly, whatever I decide can be supported by case law. The trick is to do justice.

Plaintiff points to the fact that if the complaint is dismissed without prejudice, the statute of limitations period will preclude the filing of a new complaint. And, in the Notes of the Advisory Committee on Rules for the 1983 amendments it states:

... Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service....

However, the Court is mindful that even in the face of these comments by the Advisory Committee, the Tenth Circuit Court of Appeals has stated that "good cause" does not appear when counsel was inattentive, a process server was unable to find the defendant, and counsel allowed a good portion of the time available under the rule to run before attempting service. *Cox v. Sandia Corporation*, 941 F.2d 1124 (10th Cir.1991).

Plaintiff cites *In re Hollis*, 86 B.R. 152 (Bankr.E.D.Ark.1988), for the proposition that good cause exists where a trustee mistakenly believes that a defendant has been served. But in that case, the defendant did appear in the case with preliminary motions and only after those motions failed was the Rule 4 issue raised. Here, there was never an indication that Defendants knew of the pending case.

The Court must look at all the circumstances in the case. Here, although Plaintiff did not allow a good portion of the time for service to run before attempting service, she did allow all but 12 days of the 2 year statue of limitations to run before filing the Com-

plaint. This in the face of the fact that she had the Amended Schedules 8½ months before filing her Complaint. Those Amended Schedules showed the Defendants as having received payments from the Debtors within the year prior to the bankruptcy; listed the date and amounts of each payment made; identified the Defendants as the parents of the Debtor Michael Wise; and listed the Defendant's true address. Thus, the Plaintiff knew of the facts forming the basis for her Complaint herein, and knew the address of the Defendants, 15½ months prior to effecting service upon the Defendants. Plaintiff argues that she did not use these Amended Schedules as the basis for her Complaint or to initially ascertain the address (Littleton, Colorado) of the Defendants. Rather she was relying on a letter received from the FDIC, which had apparently done considerable investigation of the Debtor. Nevertheless, the Plaintiff had actual knowledge of the Defendants' correct address since March 1993.

The Court, when it granted the Motion to Issue Alas Summons was not aware of the fact that the Plaintiff had the correct address of the Defendants in March 1993. Had that fact been brought to the attention of the Court, the Motion would not have been granted *ex parte*.

Considering all the facts and circumstances of the case, the Court finds that there has been no just cause shown under the Rule. It is, therefore,

ORDERED that the within Motion to Quash Service and to Dismiss Complaint is granted.